# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0051V

| | |
|---|---|
| JANE BRENNOM,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 19, 2025 |

*Jessica Olins, Maglio Christopher & Toale, (WA), Washington, DC,* for Petitioner.

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On January 5, 2021, Jane Brennom filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, which was causally related to the influenza vaccine she received on January 16, 2019. Petition at 1, ¶¶ 5, 15.

The claim was dismissed, and Petitioner's fees request has been challenged on reasonable basis grounds. For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.   Procedural History

Respondent opposed compensation in this case based upon his argument that Petitioner had failed to provide the evidence needed to satisfy the Vaccine Act's severity requirement. Rule 4(c) Report, filed June 14, 2022, at 1-2, ECF No. 31; *see* Section 11(c)(1)(D)(i) (requiring six-months sequalae). He maintained that, given an intervening left arm injury from a blood draw plus a year-long gap in treatment from early June 2019 (less than five months post-vaccination) until late June 2020 (more than one year later), "[i]t cannot be assumed that the shoulder pain reported on June 30, 2020, was related to her flu vaccine on January 16, 2019." *Id.* at 5.

In response to my order instructing her to address this deficiency, Petitioner filed a response, expert report regarding causation, and supporting medical literature. Exs. 19-44, ECF Nos. 35-36, 38; Response, ECF No. 39. On October 6, 2023, I determined that, despite this additional evidence, Petitioner had failed to provide sufficient evidence to support her claim with respect to the six-month severity requirement (ECF No. 40), and Judgment entered on Nov. 8, 2023 (ECF No. 41).

On November 28, 2023, Petitioner filed a request for an award of $56,458.59 (representing $46,020.50 in attorney's fees and $10,438.09 in attorney's costs). Petitioner's Application for Attorneys' Fees and Costs at 2, ECF No. 44. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 44-5. Petitioner did not address the requirements of good faith and reasonable basis – additional requirements which must be met before a fees award is made in non-compensated vaccine cases. *See* Section 15(e)(1).

Respondent reacted to the motion on December 5, 2023, providing his usual response - that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion ("Response") at 2-3, 3 n.2, ECF No. 45. Respondent also did not address good faith and reasonable basis. However, he did raise questions about the appropriate hourly rate for Petitioner's expert in this case. *Id.* at 4.

In her reply, filed on December 7, 2023, Petitioner insists that the matter had reasonable basis, and had been pursued in good faith. Petitioner's Reply to Response at 6, ECF No. 46. Comparing her expert to an orthopedic expert whose work was reimbursed using an hourly of $1,000.00 in *Aycock*,[3] she insists that her expert's proposed hourly rate of $520 is appropriate. *Id.* at 2-5.

---

[3] *Aycock v. Sec'y of Health & Hum. Servs.,* No. 19-0235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023).

## II.     Reasonable Basis

### A.     Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that pe rmits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[4] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a

---

[4] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### B. Existence of Reasonable Basis in this Case

To meet the severity requirement in this case, Petitioner needed to establish that she suffered the effects of her injury through July 16, 2019 (six months after onset). Dismissal Decision at 6, ECF No. 40. However, I found the record preponderantly supported only the premise that Petitioner's left shoulder injury lasted through early June 2019. *Id.* at 6 (citing Ex. 2 at 6).

4

In particular, the record established that after receiving her first steroid injection in early April 2019, Petitioner reported 75 percent improvement. Ex. 2 at 6. And she received a second steroid injection administered in early June 2019, which likely provided additional, possibly complete, symptom relief. *Id.* at 6-7. Thereafter, the record is silent for over one year[5] – until June 30, 2020, when Petitioner again reported left shoulder pain. *Id.* at 14.

This evidence is enough to meet the low standard applicable for reasonable basis. Although I found that Petitioner had not provided sufficient evidence to link this later pain to her January 2019 injury (and it would be unusual for a steroid injection to provide such lengthy periods of otherwise-temporary relief for a SIRVA injury that was persisting) this determination was only pertinent to my entitlement finding, and based on the Program's preponderant legal standard. *See* Dismissal Decision at 6-7. But the same record does provide objective evidentiary support for the contention that Petitioner's subsequent treatment *could* have been related to her SIRVA.

I thus find that Petitioner had a reasonable basis to file her petition in this case, which continued until I dismissed her claim. (While pursuit of the claim *thereafter* might have run afoul of reasonable basis concerns, it had not yet). And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III.    Appropriate Amount to be Awarded

#### A.    Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed.

---

[5] During this year-long period, Petitioner saw her primary care provider twice with no mention of left shoulder symptoms: in early-August 6, 2019, and again in February 2020, for left elbow pain related to a blood drawn three weeks prior. Ex. 16 at 91, 139.

Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. The amounts sought appear reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. ECF No. 44-3. She provided supporting documentation for all claimed costs, including sufficient documentation to support the hourly rate ($520) requested for the work performed by her expert, Dr. Natanzi. ECF No. 44-4. And Respondent offered no specific objection to the rates or amounts sought. Response at 3, 3 n.2.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$56,458.59 (representing $46,020.50 in attorney's fees and $10,438.09 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.